UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATRINA STRUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-229 |
| | ) |
| JEFFERY A. SMITH and | ) |
| KELLY M. HAWKINS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Appointment of Counsel [DE 3] filed by the plaintiff, Katrina Strub, on June 26, 2019. For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff, Katrina Strub, filed her *pro se* Complaint, along with a Motion to Proceed in Forma Pauperis on June 26, 2019. The court denied Strub's motion to proceed in forma pauperis as moot because Strub had paid the filing fee. The defendants have not yet responded to the Complaint. Strub has filed the instant motion requesting that the court appoint counsel to represent her.

*Discussion*

A party has no constitutional or statutory right to counsel in this civil case. *See* **Brown v. United States**, 74 F. App'x 611, 614 (7th Cir. 2003); **Zarnes v. Rhodes**, 64 F.3d 285, 288 (7th Cir. 1995) (citing **Jackson v. County of McLean**, 953 F.2d 1070, 1071 (7th Cir. 1992)). However, 28 U.S.C. § 1915(e) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The decision of a district court to appoint counsel is

reviewed for an abuse of discretion. ***Weiss v. Cooley***, 230 F.3d 1027, 1034 (7th Cir. 2000); ***Jackson***, 953 F.2d at 1071-1072.

In determining whether to appoint counsel for a civil litigant a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" ***Pruitt v. Mote,*** 503 F.3d 647, 654, 661 (7th Cir. 2007) (stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." ***Pruitt,*** 503 F.3d at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'") (quoting ***Johnson v. Doughty,*** 433 F.3d 1001, 1006 (7th Cir. 2006)); *see* ***Moffett v. Strahota,*** 2019 WL 3781878, at \*3 (7th Cir. 2019) (the court may conclude that it will not recruit counsel if the plaintiff was otherwise competent and the case was within his or her personal knowledge). The court may take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as other relevant and practical information such as "intellectual capacity and psychological history." ***Pruitt***, 503 F.3d at 655. Any evidence given in support of the request for counsel, as well as that gleaned from the available pleadings and other case communication at the time, should be reviewed and considered. ***Pruitt***, 503 F.3d at 655.

In the motion, Strub indicated that she is unable to afford an attorney. She stated that she

suffers from severe post-traumatic stress disorder and has been deemed disabled. Thus, her only source of income is the Social Security disability benefits that she receives. She represents that she has been unable to locate an attorney to represent her on a contingency basis. However, she has not provided proof of rejections from counsel.

Here, the case docket reflects that Strub is literate and coherent. Her complaint and motions are legible and understandable. Given the early stages of the proceedings, the court finds Strub is competent to present her case without the assistance of counsel. However, the court has the discretion to revisit the appointment of counsel if at any time in the proceedings the plaintiff proves herself incompetent to litigate her own claims. *Pruitt*, 503 F.3d at 658. If Strub renews her request for appointment of counsel, she should give the court rejection letters from at least three lawyers to prove that she has made reasonable efforts to find a lawyer on her own. In addition, she needs to explain why she believes this case is difficult and why she is not competent to litigate it herself. She needs to include details of her education and litigation experience. Until then, Strub will continue to proceed with this case *pro se*.

Based on the foregoing reasons, the Motion for Appointment of Counsel [DE 3] is **DENIED.**

ENTERED this 22nd day of August, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge