UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KATRINA STRUB,

    Plaintiff,

    v.

JEFFREY A. SMITH and KELLY M. HAWKINS,

    Defendants.

CAUSE NO.: 2:19-CV-229-TLS-APR

**OPINION AND ORDER**

This matter is before the Court on a Request to Enter Default of Kelly M. Hawkins [ECF No. 11] and a Request to Enter Default of Jeffrey A. Smith [ECF No. 12], filed by the Plaintiff, without counsel, on September 27, 2019. On June 26, 2019, the Plaintiff filed a pro se Complaint [ECF No. 1] against Jeffrey A. Smith and Kelly M. Hawkins, alleging conspiracy to steal the Plaintiff's property. On July 15, 2019, the Plaintiff filed two documents titled Proof of Service [ECF Nos. 7, 8] purporting to show service on each Defendant by serving the summons and complaint on each Defendant's attorney by certified mail. Neither Defendant has filed an answer or otherwise responded to the Complaint. The Plaintiff now seeks an entry of default under Federal Rule of Civil Procedure 55(a) against the Defendants for failure to plead or otherwise respond to the Complaint. The Court DENIES the motions because the Plaintiff has not shown that Defendants were served with the summons and complaint.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party

moving for a Rule 55(a) entry of default "has the burden of showing that service of process was properly effected consistent with Rule 4 of the Federal Rules of Civil Procedure." *Wold v. Robart*, No. 17-CV-252, 2018 WL 1135396, at *2 (E.D. Wis. Feb. 28, 2018) (quoting *Geraci v. Everhart*, Case No. 09-C-433, 2009 WL 3446193, at *2 (E.D. Wis. Oct. 23, 2009)).

In this case, the Plaintiff attempted to serve each Defendant by serving the Defendant's attorney with the summons and complaint by certified mail. Service of process on an individual is governed by Federal Rule of Civil Procedure 4(e), which allows a party to serve an individual within a judicial district of the United States by "delivering a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Rule 4(e) also permits service on an individual by "following state law for serving a summons in an action . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Indiana law provides for service on an individual by "serving his agent as provided by rule, statute or valid agreement" and then "[sending] by first class mail, a copy of the summons and the complaint to the last known address of the person being served, and this fact shall be shown upon the return." Ind. R. Trial P. 4.1(A)(4), (B). Indiana law also allows for service on an individual by sending a copy of the summons and complaint by registered or certified mail "with return receipt requested and returned showing receipt of the letter." Ind. R. Trial P. 4.1(A)(1).

In support of each of the pending Rule 55(a) motions for entry of default, the Plaintiff has filed a Proof of Service as well as an affidavit with supporting documents. As to Defendant Kelly M. Hawkins, on July 15, 2019, the Plaintiff filed a Proof of Service [ECF No. 8] dated July 10, 2019, showing service of summons on Ms. Hawkins by certified mail to her attorney, Kara Bekelya, in Merrillville, Indiana. The Plaintiff's affidavit, dated September 25, 2019, avers that,

on July 12, 2019, the Plaintiff delivered the summons and complaint by registered mail to Ms. Hawkins by counsel, Kara Bekelya, in Merrillville, Indiana, pursuant to Federal Rule of Civil Procedure 4, citing the July 10, 2019 Proof of Service. Strub Aff. (Hawkins) ¶ 4, ECF No. 11, p. 2. The Plaintiff attached a photocopy of the undated return receipt card addressed to Attorney Kara Bekelya and signed by "J. Crawford." USPS Return Receipt, ECF No. 11, p. 4.

As to Defendant Jeffrey A. Smith, on July 15, 2019, the Plaintiff filed a Proof of Service [ECF No. 7] dated July 10, 2019, showing service of summons on Mr. Smith by certified mail sent to Mr. Smith's attorney, Gal Pissetzky, in Chicago, Illinois. The Plaintiff's affidavit, dated September 25, 2019, states that, on August 23, 2019, the Plaintiff delivered the summons and complaint by U.S. mail, signature required, to Jeffrey A. Smith's counsel, Gal Pissetzky, in Chicago, Illinois. Strub Aff. (Smith) ¶ 4, ECF No. 12, p. 2. The Plaintiff attached a new Proof of Service dated August 21, 2019. Proof of Service (8/21/2019), ECF No. 12, p. 3. The Plaintiff also attached a photocopy of the return receipt card addressed to Pissetzky & Berliner, in Chicago, Illinois, signed by H. Rivera, and dated August 23, 2019. USPS Return Receipt, ECF No. 12, p. 4.

However, "for a court to find that a person acted as a party's agent by appointment or agreement, there must be evidence of that appointment or agreement." *Lozanovski v. City of Crown Point*, No. 2:15-CV-454, 2017 WL 347451, at *4 (N.D. Ind. Jan. 24, 2017) (quoting *Goodman v. Clark*, No. 2:09-CV-355, 2010 WL 2838396, at *8 (N.D. Ind. July 12, 2010)); *see also Schultz v. Schultz*, 436 F.2d 635, 638–39 (7th Cir. 1971) (finding no service of process, in part, because there was "no actual appointment of an agent" when the attorney represented the defendant in an unrelated action); *LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind. 1993) (finding that an employer was not an agent for purposes of service of process). The Plaintiff has

not attempted to show that, for purposes of this litigation, Attorney Bekelya was Ms. Hawkins' authorized agent or that Attorney Pissetzky was Mr. Smith's authorized agent. *See* Fed. R. Civ. P. 4(e)(2)(C); Ind. R. Trial P. 4.1(A)(4); *see also Shoultz v. State*, 995 N.E.2d 647, 658 (Ind. Ct. App. 2013) (finding service insufficient under Indiana Trial Rule 4.1 because service was attempted on an attorney who was not acting as the individual's representative in that lawsuit). Therefore, because the Plaintiff has not shown that she properly served either Ms. Hawkins or Mr. Smith, the deadline for Ms. Hawkins and Mr. Smith to respond to the Complaint has not passed, and Ms. Hawkins and Mr. Smith are not in default.

Accordingly, the Court DENIES without prejudice the Request to Enter Default of Kelly M. Hawkins [ECF No. 11] and the Request to Enter Default of Jeffrey A. Smith [ECF No. 12].

SO ORDERED on October 29, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT