**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KATRINA STRUB,<br><br>        Plaintiff,<br><br>        v.<br><br>JEFFREY A. SMITH and KELLY M. HAWKINS,<br><br>        Defendants. | CAUSE NO.: 2:19-CV-229-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on a Request to Enter Default of Kelly M. Hawkins [ECF No. 14] and a Request to Enter Default of Jeffrey A. Smith [ECF No. 15], filed by Plaintiff Katrina Strub, without counsel, on November 20, 2019, and on December 6, 2019, respectively. On June 26, 2019, Plaintiff filed a pro se Complaint [ECF No. 1] against Jeffrey A. Smith and Kelly M. Hawkins, alleging conspiracy to steal Plaintiff's property. On September 27, 2019, Plaintiff filed Requests to Enter Default for Defendant Hawkins [ECF No. 11] and Defendant Smith [ECF No. 12]. The Court denied both motions [ECF No. 13], concluding that the "Proof of Service" Plaintiff had filed for each defendant [ECF Nos. 7, 8] purporting to show service on each Defendant by serving the summons and complaint on each Defendant's attorney by certified mail was deficient because Plaintiff had not submitted any evidence that the individuals who received the summons were actually authorized to do so on behalf of the Defendants. To date, neither Defendant has filed an answer or otherwise responded to the Complaint. Plaintiff now seeks an entry of default under Federal Rule of Civil Procedure 55(a) against the Defendants for failure to plead or otherwise respond to the Complaint. The Court DENIES the

motions because Plaintiff has not shown that Defendants were properly served with the summons and complaint.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party moving for a Rule 55(a) entry of default "has the burden of showing that service of process was properly effected consistent with Rule 4 of the Federal Rules of Civil Procedure." *Wold v. Robart*, No. 17-CV-252, 2018 WL 1135396, at *2 (E.D. Wis. Feb. 28, 2018) (quoting *Geraci v. Everhart*, Case No. 09-C-433, 2009 WL 3446193, at *2 (E.D. Wis. Oct. 23, 2009)).

In this case, Plaintiff attempted to serve each Defendant by serving the Defendant's attorney with the summons and complaint by certified mail. Service of process on an individual is governed by Federal Rule of Civil Procedure 4(e), which allows a party to serve an individual within a judicial district of the United States by "delivering a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Rule 4(e) also permits service on an individual by "following state law for serving a summons in an action . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Indiana law provides for service on an individual by "serving his agent as provided by rule, statute or valid agreement" and then "[sending] by first class mail, a copy of the summons and the complaint to the last known address of the person being served, and this fact shall be shown upon the return." Ind. R. Trial P. 4.1(A)(4), (B).

Prior to her September 27, 2019 Requests to Enter Default, Plaintiff filed a Proof of Service as well as an affidavit with supporting documents as to each Defendant. With the instant motions, Plaintiff has also provided letters purporting to establish sufficient attorney-client

2

relationships such that serving the necessary documents on each attorney would be sufficient to establish service on each defendant.

As to Defendant Kelly M. Hawkins, on July 15, 2019, Plaintiff filed a Proof of Service [ECF No. 8] dated July 10, 2019, showing service of summons on Ms. Hawkins by certified mail to her attorney, Kara Bekelya, in Merrillville, Indiana. In her previous motion, Plaintiff's affidavit, dated September 25, 2019, avers that, on July 12, 2019, Plaintiff delivered the summons and complaint by registered mail to Ms. Hawkins by counsel, Kara Bekelya, in Merrillville, Indiana, pursuant to Federal Rule of Civil Procedure 4, citing the July 10, 2019 Proof of Service. Strub Aff. (Hawkins) ¶ 4, ECF No. 11, p. 2. Plaintiff attached a photocopy of the undated return receipt card addressed to Attorney Kara Bekelya and signed by "J. Crawford." USPS Return Receipt, ECF No. 11, p. 4. Plaintiff's instant motion also contains two letters. The first letter is from Ms. Bekelya and is addressed to a Dennis J. Conant, instructing that her law firm "represents Ms. Kelly Hawkins for all pending legal matters regarding Ms. Katrina Strub and Mr. Jason Bradley in the State of Indiana." Req. Enter Default, ECF No. 14, p. 2. The letter is dated October 12, 2018. *Id.* The second letter is from Mr. Smith's attorney, Gal Pissetzky, in Chicago, Illinois. The letter is also addressed to Mr. Conant and asserts that "my [f]irm has been retained to represent Mr. Smith and Ms. Hawkins.". Req. Enter Default, ECF No. 14, p. 3.

As to Defendant Jeffrey A. Smith, on July 15, 2019, Plaintiff filed a Proof of Service [ECF No. 7] dated July 10, 2019, showing service of summons on Mr. Smith by certified mail sent to Mr. Pissetzky, in Chicago, Illinois. Plaintiff's affidavit in her previous motion, dated September 25, 2019, states that, on August 23, 2019, Plaintiff delivered the summons and complaint by U.S. mail, signature required, to Jeffrey A. Smith's counsel, Gal Pissetzky, in Chicago, Illinois. Strub Aff. (Smith) ¶ 4, ECF No. 12, p. 2. Plaintiff attached a new Proof of

3

Service dated August 21, 2019. Proof of Service (8/21/2019), ECF No. 12, p. 3. Plaintiff also attached a photocopy of the return receipt card addressed to Pissetzky & Berliner, in Chicago, Illinois, signed by H. Rivera, and dated August 23, 2019. USPS Return Receipt, ECF No. 12, p. 4. The instant motion regarding Mr. Smith includes as an attachment the same letter from Mr. Pissetzky as the motion regarding Ms. Hawkins but does not attach the letter from Ms. Bekelya. Req. Enter Default, ECF No. 15, p. 2.

To begin, the Court notes that, as there is no assertion or evidence that Plaintiff served either Defendant directly or, as required for service on an agent, sent a copy of the summons and complaint by first class mail to either Defendant's last known address, service was not sufficient under Indiana state law. *See* Ind. R. Trial P. 4.1(A)(4), (B). The only question then is whether service was sufficient under Federal Rule of Civil Procedure 4(e)(2)(C) by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process."

"[F]or a court to find that a person acted as a party's agent by appointment or agreement, there must be evidence of that appointment or agreement." *Lozanovski v. City of Crown Point*, No. 2:15-CV-454, 2017 WL 347451, at *4 (N.D. Ind. Jan. 24, 2017) (quoting *Goodman v. Clark*, No. 2:09-CV-355, 2010 WL 2838396, at *8 (N.D. Ind. July 12, 2010)). The existence of an attorney-client relationship is not enough, in and of itself, to authorize the attorney to receive service of process. *See Schultz v. Schultz*, 436 F.2d 635, 638–39 (7th Cir. 1971) (finding no service of process, in part, because there was "no actual appointment of an agent" when the attorney represented the defendant in an unrelated action); *see also Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D. Fla. 1982) ("A person's attorney is not authorized to receive process simply because of his status as attorney. Service of process is not effectual on an

attorney solely by reason of his capacity as an attorney. The party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney."); *United States v. Bosurgi*, 343 F. Supp. 815, 817 (S.D.N.Y. 1972) ("What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client.").

Here, nothing in either letter states that either attorney will accept service from Plaintiff. And even accepting both letters at face value, at most Plaintiff has presented evidence of an attorney-client relationship, which is insufficient to fulfil the requirements of Federal Rule of Civil Procedure 4(e)(2)(C) without more. The Court therefore concludes that the two letters that Plaintiff submitted are insufficient evidence to establish that either attorney was "authorized by appointment to receive service of process" and, thus, grant the Court personal jurisdiction over either Defendant.

Further, unlike the last motions, here Plaintiff has provided some evidence of an attorney-client relationship between the Defendants and their respective attorneys. But she has not provided any evidence that the relationship existed either at the time that Plaintiff filed the complaint or when the attorneys received their respective copies of the summons and complaint. The letter from Mr. Pissetzky is dated August 15, 2018, over eight months before Plaintiff filed her complaint and almost nine months before Plaintiff alleges that she served Mr. Pissetzky via mail. Proof of Service, ECF. No. 7, p. 1. Similarly, the letter from Ms. Bekelya is dated October 12, 2018, over six months before Plaintiff filed her complaint and almost seven months before Plaintiff alleges that she served Ms. Bekelya via mail. Proof of Service, ECF. No. 8, p. 1. Furthermore, Mr. Pissetzky asserts that he represents both Defendants in his letter, while Ms.

5

Bekelya asserts that she represents Defendant Hawkins in her letter, making it unclear what exactly the relationships are between Defendant Hawkins and either attorney.

Therefore, because Plaintiff has not shown that she properly served either Defendant Hawkins or Defendant Smith, the deadline to respond to the Complaint has not passed, and neither Defendant is in default.

Accordingly, the Court DENIES without prejudice the Request to Enter Default of Kelly M. Hawkins [ECF No. 14] and the Request to Enter Default of Jeffrey A. Smith [ECF No. 15].

SO ORDERED on January 30, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT