UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATRINA STRUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-229 |
| | ) |
| JEFFREY A. SMITH and | ) |
| KELLY M. HAWKINS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File an Answer to Plaintiff's First Amended Complaint or in the Alternative Motion for Leave to File a Motion to Dismiss Plaintiff's First Amended Complaint [DE 50] filed by the defendants, Jeffrey A. Smith and Kelly M. Hawkins, on October 30, 2020, and the Motion for Default Judgment [DE 51] filed by the plaintiff, Katrina Strub, on November 4, 2020.  For the following reasons, the Motion for Leave to File an Answer to Plaintiff's First Amended Complaint or in the Alternative Motion for Leave to File a Motion to Dismiss Plaintiff's First Amended Complaint [DE 50] is **GRANTED**, and the Motion for Default Judgment [DE 51] is **DENIED as moot.**

*Background*

On June 26, 2019, the plaintiff, Katrina Strub, filed her initial *pro se* complaint against the defendants, Jeffrey A. Smith and Kelly M. Hawkins.  The plaintiff claimed that the defendants violated 28 U.S.C. §§ 873 and 875(d) by conspiring to extort her when they allegedly threatened to report her son's illegal acts to law enforcement.  On August 31, 2020, the plaintiff filed an amended complaint [DE 33] seeking relief under the Indiana Crime Victim's Relief Act.  The court initially struck the amended complaint due to the plaintiff's failure to comply with

Federal Rule of Procedure 15(a) but reinstated it on September 25, 2020 when it determined that the plaintiff was not receiving the defendants' filings via U.S. Mail.

The defendants filed an answer to the plaintiff's amended complaint on October 23, 2020.  On October 29, 2020, the plaintiff filed a motion to strike the answer for being untimely.  The court granted the plaintiff's motion, struck the defendants' answer, and gave the defendants seven days to request leave to file their answer [DE 49].  Pursuant to the court's order, the defendants requested leave to file an answer to the plaintiff's amended complaint [DE 50] on October 30, 2020.  On November 4, 2020, the plaintiff responded to the defendant's request for leave and filed a motion for default judgment [DE 51].  This order addresses both pending motions.

*Discussion*

Under **Federal Rule of Civil Procedure 6(b)(1)(B)** a party may move to extend a deadline that has already passed.  **Rule 6(b)(1)(B)** allows a court, for good cause, to grant such a motion if the moving party can show "that it failed to act because of excusable neglect." *See* **Bowman v. Korte**, 962 F.3d 995, 997 (7th Cir. 2020).  To determine whether a party's neglect is excusable "courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for the delay." **Bowman**, 962 F.3d at 998 (*citing* **Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship**, 507 U.S. 380, 395 (1993)).  A party's failure to "meaningful[ly] explain" its reasons for seeking an extended deadline is plain neglect, not excusable neglect.  **Bowman**, 962 F.3d at 999; *see* **Simstad v. Scheub**, 2014 WL 12804907, at *2 (N.D. Ind. Jan. 9, 2014) (*quoting* **Pioneer Investment Servs. Co., 507 U.S. at 391-92** ("Although inadvertence, ignorance of the rules, or mistakes construing rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule

2

6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant")).

In their motion for leave to file an answer, the defendants rely on Federal Rule of Civil Procedure 15. The present issue is not one relating to amended or supplemental pleadings, so the plaintiff is correct in arguing that Rule 6 governs. The defendants must show that failing to answer the amended complaint on time was the result of excusable neglect.

Counsel for the defendants has informed the court that she was advised not to work by her employer for about two weeks beginning on October 10, 2020, due to a serious virus she had contracted. The answer to the plaintiff's amended complaint was due on October 16, 2020. Defense Counsel maintains that neither she nor the defendants acted in bad faith in failing to answer the amended complaint and that the plaintiff has not been prejudiced by it.

The plaintiff argues that the defendants are not entitled to leave because they have been negligent throughout the entirety of this lawsuit. The plaintiff highlights the defendants' failure to properly serve the plaintiff on previous occasions and their failure to answer the original complaint on time. While some of the plaintiff's statements are true, she fails to show why or how she would be prejudiced if the court grants the defendants' request for leave.

When viewed in the totality, the circumstances surrounding the defendants' failure to timely answer the plaintiff's amended complaint amounts to excusable neglect. First, defense Counsel was ill for a two-week period that overlapped with the date the answer was due. Second, the defendants' request for leave to file an answer came only two weeks after the answer originally was due. Lastly, the plaintiff has failed to show how she would be prejudiced if the defendants were granted the opportunity to answer the amended complaint. Accordingly, the Motion for Leave to File an Answer to Plaintiff's First Amended Complaint or in the Alternative

Motion for Leave to File a Motion to Dismiss Plaintiff's First Amended Complaint [DE 50] is **GRANTED**.

The plaintiff's Motion for Default [DE 51] focuses solely on the Defendants' failure to answer the amended complaint.  Since the court is granting the defendants' request for leave to file an answer to the amended complaint, the plaintiff's Motion for Default [DE 51] is **DENIED as moot.**

ENTERED this 5th day of January, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge

4